**HAITIAN CENTERS COUNCIL, INC., et al., Plaintiffs,**

**v.**

**Chris SALE, Acting Commissioner, Immigration and Naturalization Service, et al., Defendants.**

No. 92 CV 1258.

United States District Court, E.D. New York.

March 26, 1993.

Simpson Thacher & Bartlett by Joseph F. Tringali, American Civil Liberties Union by Lucas Guttentag and Judy Rabinowitz, Center for Constitutional Rights by Michael Ratner, Lowenstein Intern. Human Rights Clinic by Harold Hongju Koh, New York City, for plaintiffs.

Lauri Steven Filppu, David J. Kline, Charles E. Pazar, Ellen Sue Shapiro, U.S. Dept. of Justice, Civ. Div., Washington, DC, Mary Jo White, U.S. Atty., E.D.N.Y. by Bob Begleiter and Scott Dunn, Brooklyn, NY, for defendants.

## INTERIM ORDER

JOHNSON, District Judge:

■ Plaintiffs' Third Claim for Relief includes, *inter alia*, the denial of due process rights under the Fifth Amendment of the United States Constitution in that plaintiff screened-in Haitian class members detained on Guantanamo have been denied adequate medical care. When this Court issued its April 6, 1992 preliminary injunction which was affirmed by the Second Circuit Court of Appeals, it found that there was a serious question whether the screened-in Haitian class members detained on Guantanamo could avail themselves of the protections of the due process clause of the Fifth Amendment. Due process may require the Government to provide adequate care for detainees who require medical attention. *See e.g., City of Revere v. Massachusetts General Hospital,* 463 U.S. 239, 243–45, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983); *Liscio v. Warren,* 901 F.2d 274, 275 (2d Cir.1990).

On March 8–11, 15–19, and 25, 1993, the Court conducted a bench trial on the claims of the screened-in Haitian class members detained by the Government at the Guantanamo Naval Base. At trial, the court heard testimony from the Government's own medical experts that a) class members with a T-cell count of 200 or below and b) some class members with a T-cell count above 200 and with a T-cell percentage of 13% or below are not receiving adequate medical care at Guantanamo. The Court also heard testimony that the Government has failed to comply with the recommendations of its own military doctors that these class members should be medically evacuated to receive such care. The Government concedes that the medical facilities at Guantanamo are not presently sufficient to provide the level of adequate care recommended by its own doctors for such class-members.

■ A district court may exercise its inherent power to protect the parties appearing before it, to preserve the integrity of an action, to maintain its ability to render a final judgment and to ensure the administration of justice. Therefore, to prevent any loss of life or the diminution of the plaintiff class until such time the Court enters a final Order deciding the merits of Plaintiffs' due process claim;

IT IS HEREBY ORDERED that the defendants will either a) provide the level of adequate care recommended by its own doctors at trial for all screened-in Haitian class members whose T-cell count is 200 or below at the medical facilities on Guantanamo Naval Base or b) medically evacuate such class members to a place (except Haiti) where such medical care is available within ten days from the date of this order; and

IT IS HEREBY ORDERED that the defendants will either a) provide the level of adequate care recommended by its own doctors at trial for all screened-in Haitian class members whose T-cell count is above 200 and whose T-cell percentage is 13 or below or b) medically evacuate such class members to a place (except Haiti) where adequate medical care is available within ten days from the date of this order.

So ordered.